**Local Form 4A**                                                                **September 2021**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE:<br>Kim Nicole Simmons<br><br><br>TIN: XXX-XX-0268<br><br>Debtor(s) | Case No. 26-30330<br><br>Chapter 13 |

**AMENDMENT TO CHAPTER 13 PLAN
AND NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN
FOR CASES FILED ON OR AFTER SEPTEMBER 1, 2021**

Check as applicable to this plan amendment:

| | | | | |
|---|---|---|---|---|
| **1.1** | **A limit on the amount of a secured claim that may result in a partial payment or no payment at all to the secured creditor (Part 3.2)** | X **Added** | X **Removed** | ☐ **No change** |
| **1.2** | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest (Part 3.4)** | ☐ **Added** | ☐ **Removed** | X **No change** |
| **1.3** | **Request for termination of the 11 U.S.C. § 362 stay as to surrendered collateral (Part 3.5)** | ☐ **Added** | ☐ **Removed** | X **No change** |
| **1.4** | **Request for assumption of executory contracts and/or unexpired leases (Part 6)** | ☐ **Added** | ☐ **Removed** | X **No change** |
| **1.5** | **Nonstandard provisions** | ☐ **Added** | ☐ **Removed** | X **No change** |

The Chapter 13 plan, including certain motions and other provisions, is hereby **amended** as follows:

*For each part of the Debtor's plan that is to be amended, the entire text of the part as amended must be included below.*


**3.2     Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one*.

| | |
|---|---|
| ☐ | None.  *If "None" is checked, the rest of Part 3.2 need not be completed or reproduced.* |
| | *The remainder of this part will be effective only if the applicable box in Part 1 of this plan is checked.* |
| | |
| X | The Debtor requests that the court determine the value of the secured claims listed below.  For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be as set |

out in the column headed *Amount of secured claim*.  For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.  If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.  Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim shall be presumed to control over any contrary amounts listed in this part.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a)      Payment of the underlying debt determined under nonbankruptcy law, or
(b)      Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate |
|---|---|---|---|---|---|---|
| Hartwell HOA | $ 1,455.18 | Primary Residence | $ 457,900 | $ 389,005 | $ 1,455.18` | 8.75 % |
|  |  |  |  |  | Disbursed by: X Trustee |  |
| Jefferson Capital (Conn's) | $ 8,381.90 | Refrigerator, sofa etc.. | $ 1,000 | $ 0 | $ 1,000 | 8.75 % |
|  |  |  |  |  | Disbursed by: X Trustee |  |
| SC Department of Revenue | $ 590.62 | None in SC | $ 0 | $0 | $ 0 | N/A |
|  |  |  |  |  | Disbursed by N/A |  |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

*Insert additional claims as needed.*

**3.3   Secured claims excluded from 11 U.S.C. § 506.**
   *Check one.*

☐     None.  *If "None" is checked, the rest of Part 3.3 need not be completed or reproduced.*

X     The claims listed below were either:

(1)     incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2)     incurred within 1 year (365 days) of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the Chapter 13 trustee, directly by the Debtor, or as otherwise specified below.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a)     Payment of the underlying debt determined under nonbankruptcy law, or

(b)     Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Amount of claim | Interest rate |
|---|---|---|---|
| Santander | 2021 BMW | $ 31,029.05 | 8.75 % |
| | | Disbursed by: X Trustee | |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

*Insert additional claims as needed.*

TAKE NOTICE:  Your rights may be affected. You should read this amendment to the Chapter 13 plan carefully and discuss them with your attorney, if you have one, in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to confirm the Debtor's proposed plan as amended, or if you want the court to consider your views on these matters, then you and/or your attorney must file a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

**Cases filed in the Charlotte or Shelby Divisions:**
Physical & Mailing Address: Clerk, U.S. Bankruptcy Court, 401 West Trade Street, Suite 2500, Charlotte, N.C. 28202

**Cases filed in the Statesville Division:**
Physical Address: Clerk, U.S. Bankruptcy Court, 200 West Broad Street, Room 301, Statesville, N.C. 28677
Mailing Address: Clerk, U.S. Bankruptcy Court, 401 West Trade Street, Suite 2500, Charlotte, N.C. 28202

**Cases filed in the Asheville or Bryson City Divisions:**
Physical & Mailing Address: Clerk, U.S. Bankruptcy Court, 100 Otis Street, Room 112, Asheville, N.C. 28801-2611

Your objection to confirmation and request for hearing must include the specific reasons for your objection and must be filed with the court no later than 14 days following the conclusion of the § 341 meeting of creditors, or within 21 days of service of the amendment, whichever is later.  If you mail your objection to confirmation to the court for filing, you must mail it early enough so that the court will receive it on or before the deadline stated above.  You must also serve a copy of your objection to confirmation on the Debtor at the address listed in the notice of the meeting of creditors.  The Debtor's attorney and the Chapter 13 trustee will be served electronically.  If any objections to confirmation are filed with the court, the objecting party will provide written notice of the date, time, and location of the hearing.  **No hearing will be held unless an objection to confirmation is filed.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the proposed plan of the Debtor as amended and may enter an order confirming the amended plan and granting the motions.  **Any creditor's failure to object to confirmation of the proposed plan as amended shall constitute the creditor's acceptance of the treatment of its claim as proposed pursuant to 11 U.S.C. § 1325(a)(5)(A).**

I declare under penalty of perjury that the information provided in this Amendment to Chapter 13 Plan is true and correct as to all matters set forth herein.

Dated____5/11/2026_____            __/s/ Kim Nicole Simmons_____
                                              Debtor's Signature


I hereby certify that I have reviewed this document with the Debtor and that the Debtor has received a copy of this document.

Dated____5/11/2026_____            __/s/ Jeffrey G. Dalrymple _____
                                              Attorney for the Debtor


[Attach Certificate of Service if Served on Creditor(s)]